UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

TERVARUS GARY,

    Plaintiff,

    v.   CAUSE NO. 3:26-CV-26-CCB-SJF

CENTURION, et al.,

    Defendants.

## OPINION AND ORDER

Tervarus Gary, a prisoner without a lawyer, filed a complaint. ECF 1. He seeks leave to proceed in forma pauperis. ECF 2. A prisoner may not bring a civil action in forma pauperis if he has, "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it [was] frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). This is commonly known as the "three strikes" provision. Gary has three strikes.[1]

An inmate who has struck out "can use the partial prepayment option in §1915(b) only if in the future he 'is under imminent danger of serious physical injury.'"

---

[1]     (1) *Gary v. Elkhart County Work Release*, 3:24-cv-349 (N.D. Ind. filed April 25, 2024), dismissed under 28 U.S.C. § 1915A for failure to state a claim on October 9, 2024.
    (2) *Gary v. Elkhart County Sheriffs Department*, 3:24-cv-340 (N.D. Ind. filed April 22, 2024), dismissed as frivolous under 28 U.S.C. § 1915A on May 5, 2025.
    (3) *Gary v. IDOC*, 3:25-cv-391 (N.D. Ind. filed May 2, 2025), dismissed under 28 U.S.C. § 1915A for failure to state a claim on October 28, 2025.

*Abdul-Wadood v. Nathan*, 91 F.3d 1023, 1025 (7th Cir. 1996) (quoting 28 U.S.C. § 1915(g)). To meet the imminent danger standard, the threat complained of must be real and proximate. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). Only "genuine emergencies" qualify as a basis for circumventing § 1915(g). *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).

In the complaint, Gary makes no mention of being in imminent danger of serious physical injury. He discusses only ongoing injuries caused by past events. He seeks monetary damages based on alleged denials of medical treatment from August 5, 2025, to November 1, 2025. Neither his claims nor the relief he seeks indicate that he was in imminent danger of serious physical injury when he filed this case. Gary may not proceed in forma pauperis.

Gary knows he is struck out. He was told three times[2] in the month before he signed this complaint on January 5, 2026. ECF 1 at 4. Yet, he seeks to proceed in forma pauperis without mentioning that he has three strikes or indicating he is in imminent danger. The Seventh Circuit requires litigants be restricted when they attempt to "bamboozle" the court by seeking to proceed in forma pauperis after they have been informed that they are barred from doing so.

> Litigants to whom § 1915(g) applies take heed! An effort to bamboozle the court by seeking permission to proceed in forma pauperis after a federal judge has held that § 1915(g) applies to a particular litigant will lead to immediate termination of the suit. Moreover, the fee remains

---

[2] (1) *Gary v. Sonnenberg*, 3:25-cv-967 (N.D. Ind. filed November 20, 2025), ECF 3 on November 25, 2025.
(2) *Gary v. Kennadey*, 3:25-cv-984 (N.D. Ind. filed November 25, 2025), ECF 3 on December 2, 2025.
(3) *Gary v. Thomas*, 3:25-cv-989 (N.D. Ind. filed November 28, 2025), ECF 3 on December 2, 2025.

> due, and we held in *Newlin v. Helman*, 123 F.3d 429, 436-37 (7th Cir. 1997), that unpaid docket fees incurred by litigants subject to § 1915(g) lead straight to an order forbidding further litigation. Sloan's appeal is dismissed for failure to pay the appellate filing and docket fees. Until Sloan has paid in full all outstanding fees and sanctions in all civil actions he has filed, the clerks of all courts in this circuit will return unfiled all papers he tenders. This order does not apply to criminal cases or petitions challenging the terms of his confinement, and may be reexamined in two years under the approach of *Newlin* and *Support Systems International, Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995).

*Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999).

Gary attempted to "bamboozle" the court by asking to proceed in forma pauperis in this case when he was not in imminent danger of serious physical injury. Thus, this case will be dismissed, the filing fee assessed, and Gary restricted until he has paid in full all outstanding filing fees and sanctions imposed by any federal court. The restriction imposed by this order does not restrict him from filing a notice of appeal nor "impede him from making any filings necessary to protect him from imprisonment or other confinement, but [it does] not let him file any paper in any other suit . . . until he pays the money he owes." *Support Sys. Int'l v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995). Neither does it restrict him from litigating his five currently open cases. *See Gary v. IDOC*, 1:26-cv-8-JTM-AZ (N.D. Ind. filed January 6, 2026); *Gary v. Brown*, 3:25-cv-296-JD-AZ (N.D. Ind. filed April 7, 2025); *Gary v. Smiley*, 3:25-cv-321-TLS-JEM (N.D. Ind. filed April 14, 2025); *Gary v. Sonnenberg*, 3:25-cv-967-CCB-SJF (N.D. Ind. filed November 20, 2025); and *Gary v. Mango*, 3:26-cv-027-CCB-SJF (N.D. Ind. filed January 8, 2026).

For these reasons, the court:

(1) **DENIES** the in forma pauperis motion (ECF 2);

(2) **DISMISSES** this case WITHOUT PREJUDICE;

(3) **ORDERS** the plaintiff, <u>**Tervarus Gary, IDOC # 225378**</u>, to pay (and the facility having custody of him to automatically remit) to the clerk of this court 20 percent of the money he receives for each calendar month during which he receives $10.00 or more, until the **$405.00** filing fee is paid in full;

(4) **DIRECTS** the clerk of court to create a ledger for receipt of these funds;

(5) **DIRECTS** the clerk of court to return, unfiled, any papers filed by or on behalf of Tervarus Gary, except for

  a. a notice of appeal and documents related to that appeal,

  b. filings in a criminal case;

  c. filings in a habeas corpus case, and

  d. filings in:

    i. 1:26-cv-8-JTM-AZ,

    ii. 3:25-cv-296-JD-AZ,

    iii. 3:25-cv-321-TLS-JEM,

    iv. 3:25-cv-967-CCB-SJF, or

    v. 3:26-cv-027-CCB-SJF

until he has paid in full all outstanding fees and sanctions in all civil actions in any federal court;

(6) **DIRECTS** the clerk to note on the docket of this case any attempted filings in violation of this order; and

4

(7) **DIRECTS** the clerk to send a copy of this order to each facility where the plaintiff is housed until the filing fee has been paid in full.

SO ORDERED on January 14, 2026.

                                                  /s/*Cristal C. Brisco*
                                                  CRISTAL C. BRISCO, JUDGE
                                                  UNITED STATES DISTRICT COURT